(No. 5205 

FRED THORNBERRY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 11, 1965.*

SCOTT AND SEBO, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PERLIN, C.J.

Claimant, Fred Thornberry, seeks recovery for loss of wages incurred when he was suspended and discharged from his position as an employee of the Department of Financial Institutions, Cemetery Care Division, State of Illinois, from February 1, 1962 to June 30, 1963, inclusive.

The complaint, which with the stipulation filed in this case constitutes the record, alleges the following: That claimant is presently unemployed; that on February 27, 1961, claimant was certified as a Financial Institution Examiner II in the Department of Financial Institutions and continued to perform the duties of the office until January 31, 1962; that on January 24, 1962, a written application for the discharge of claimant was filed with the Department of Personnel by the Department of Financial Institutions, and, on January 29, 1962, the charges were approved by the Department of Personnel effective as of January 31, 1962; that, within 15 days after the receipt of the charges seeking dis-

charge, claimant requested the State Civil Service Commission to grant him a hearing on said charges.

Pursuant to such request, a hearing was set for March 9, 1962, and was then continued by agreement of the parties to June 14, 1962, with claimant reserving any back pay rights, which might accrue to him. Testimony was heard before the Hon. Melvin H. Routman, hearing officer for the Civil Service Commission of the State of Illinois and evidence was introduced by both parties to said proceeding. On August 31, 1962, the hearing officer handed down his decision that claimant, Fred Thornberry, be discharged and removed from his position as Examiner II for the Department of Financial Institutions and from the services of the Department.

On September 25, 1962, the Civil Service Commission unanimously concurred in, approved and adopted the findings and decision of the hearing officer and certified said decree to the Director of Personnel, State of Illinois, for enforcement.

A complaint for administrative review of the decision of the Civil Service Commission discharging the claimant was filed in the Circuit Court of Brown County on October 22, 1962 by claimant, Fred Thornberry. On November 15, 1963, the Circuit Judge handed down his decision, which reversed the decision of the Civil Service Commission, and entered judgment for claimant. Claimant was ordered reinstated to his former position as Examiner II for the Department of Financial Institutions. The decision of the Circuit Court was affirmed by the Appellate Court for the Fourth District on June 11, 1964.

Claimant further alleges that because of his reinstatement he is entitled to back pay and benefits from February 1, 1962 to and including June 30, 1963, and that he has not received pay or benefits for this time because the funds of

the Department of Financial Institutions appropriated for such period lapsed due to the expiration of the fiscal biennium, and that there is now due and owing to claimant by respondent the sum of $8,760.00. (Personnel Code, Chap. 127, Sec. 63(b), Ill. Rev. Stats.)

The stipulation submitted by the parties states that during the period of time in question, claimant earned the sum of $1,341.69, which amount he would not have earned had he been employed by the Department of Financial Institutions, and that the amount so received constitutes a set-off against said claim. The stipulation further states that claimant is entitled to receive the sum of $7,418.31 from respondent and that the amount has not been paid by the Department of Financial Institutions solely because of a lapse of available appropriations, said appropriations having lapsed as of July 1, 1963.

This Court has long held that where a Civil Service employee is illegally prevented from performing his duties and is subsequently reinstated to his position by a Court of competent jurisdiction, he is entitled to the salary attached to said office for the period of his illegal removal, but that he must do all in his power to mitigate damages. *Schneider* vs. *State of Illinois,* 22 C.C.R. 453; *Poynter* vs. *State of Illinois,* 21 C.C.R. 393; *Smith* vs. *State of Illinois,* 20 C.C.R. 202; *Cordes* vs. *State of Illinois,* 24 C.C.R. 491; *Bryant* vs. *State of Illinois,* case no. 5011; *Farber* vs. *State of Illinois,* case No. 5013.

No evidence of claimant's failure to mitigate damages has been adduced in this instance. Consequently there being no question of law or fact, claimant is hereby awarded the sum of $7,418.31.